966 F.2d 702
 296 U.S.App.D.C. 182
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Dernard A. FOSTER, Appellant.
 No. 91-3116.
 United States Court of Appeals, District of Columbia Circuit.
 June 17, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that Foster's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 The district court did not err in denying appellant's motion to suppress physical evidence. The record supports the conclusion that the narcotics in this case fell within the "plain view" doctrine. See Texas v. Brown, 460 U.S. 730, 736-37 (1983). Officer Naugle was posted at the rear of 1119 Orren Street, N.E. pursuant to a valid search warrant. There is little question that his observation of the objects tossed from the second-story window was inadvertent. Finally, it was reasonable for him to assume that the objects, which included a clear plastic bag containing a white rock-like substance, may have been contraband.
 
 
 5
 Furthermore, appellant's assertion that the officers did not properly announce themselves is directly contradicted by the testimony of Officers Jackson and Naugle. See Tr. I, pp. 18, 19 and 6. In addition, based on a review of the entire record, it cannot be said that the district court's finding that the force used in executing the search warrant was reasonable and necessary is clearly erroneous. See Fed.R.Civ.P. 52(a); U.S. v. Brady, 842 F.2d 1313, 1315 (D.C.Cir.1988).
 
 
 6
 Finally, the record supports the conclusion that the evidence in this case, taken as a whole, was sufficient to support Foster's conviction. The evidence showed that Officer Naugle heard the second story window break, and saw a hand throw the narcotics. Moments later, Officer Bell saw Foster facing that same broken window, pulling his hand in from the window toward his body. Foster's right hand bore a fresh cut, and there was blood on the broken windowpane. This evidence, although circumstantial, is sufficient to support the inference that Foster possessed the crack cocaine. Finally, the very fact that Foster so desperately tried to dispose of the drugs as soon as the police announced their presence is evidence of his knowledge that the objects he threw contained narcotics. Indeed, one of the thrown objects was a clear plastic bag whose contents were plainly visible.